Mr. James W. York Executive Director Department of Highway Safety and Motor Vehicles Neil Kirkman Building Tallahassee, Florida 32301
Dear Mr. York:
This is in response to your request for an opinion on the following questions:
 1. MAY PUBLIC FUNDS BE EXPENDED FOR THE PURCHASE, INSTALLATION AND MAINTENANCE OF SERIES 1 COMPUTER CONFIGURATIONS IN PRIVATE TAG AGENCY OFFICES OPERATED BY THE AMERICAN AUTOMOBILE ASSOCIATION (AAA) AND SOUTH FLORIDA AUTOMOBILE DEALERS ASSOCIATION (SFADA) IN WHICH THE USE OF SUCH EQUIPMENT IS LIMITED TO THE MEMBERS OF SUCH ASSOCIATIONS?
 2. MAY PUBLIC FUNDS BE EXPENDED FOR THE PURCHASE, INSTALLATION AND MAINTENANCE OF SERIES 1 COMPUTER CONFIGURATIONS AT A PRIVATE TAG AGENCY OPERATED BY A VETERANS ASSOCIATION WITH USE THEREOF AVAILABLE TO THE GENERAL PUBLIC?
You state that the county tax collectors function as agents of the Department of Highway Safety and Motor Vehicles for motor vehicle registrations and title applications and transfers.
Section 320.03(1), F.S., provides that the county tax collectors shall deliver license plates and mobile home stickers to applicants in accordance with rules prescribed by the department.
Subsection (4)(a) of s 320.03, F.S., places on every tax collector or license tag agent who has computer access or other reasonable access to the data center of the Department of Highway Safety and Motor Vehicles the duty of determining whether an applicant for the registration of any vehicle other than a mobile home has had his driver's license `canceled, suspended, or revoked and, if so, whether the applicant has surrendered his license to the department as required by s. 322.251.' This subsection goes on to require the tax collector to refuse to register the vehicle if the applicant has failed to surrender his driver's license to the department. Pertinent to your inquiry paragraph (b) of subsection (4) provides: `The on-line computer system shall be installed in every tax collector's and license tag agent's office in accordance with a schedule established by the department in consultation with the tax collectors and contingent upon funds being made available for the system by the state.' By way of example, item 783A of Ch. 82-215, Laws of Florida (the General Appropriations Act), appropriates $2,798,336.00 for the 1982-83 fiscal year to the department's Kirkman Data Center for `Tax Collector Network-county systems.' You question whether in two instances on-line computer systems can be installed in private license tag agencies using public funds pursuant to the authority contained in s320.03(4)(b), F.S.
According to your letter the Dade County Tax Collector utilizes branch license tag agencies appointed pursuant to a Metropolitan Dade County Ordinance; two of those agencies, American Automobile Association (AAA) and South Florida Automobile Dealers Association (SFADA), do not serve the general public with use limited to their members. In the other instance, the Polk County Tax Collector has appointed a veterans association, the American Legion, in Polk County, as a license tag agency pursuant to the authority contained in Ch. 57-1744, Laws of Florida, as amended by Ch. 63-1819, Laws of Florida. The American Legion tag agency is open to the general public. For the purposes of s 320.03, F.S., these license tag agencies are the agents of the respective county tax collectors. You have expressed concern that s 10, Art. VII, State Const., might prohibit the use of public funds for the installation and maintenance of computer systems in these types of license tag agents or subagents. This constitutional provision prohibits the state or any county from giving, lending or using its credit or taxing power to aid any association, corporation or person. The paramount consideration for the expenditure of public funds is that the proposed expenditure must serve a public, as opposed to a private, purpose. See, Burton v. Dade County,166 So.2d 445 (Fla. 1964); State v. Town of North Miami, 59 So.2d 770
(Fla. 1952); City of Daytona Beach v. King, 181 So. 1 (Fla. 1938). The purpose of s 10 is to `protect public funds and resources from being exploited in assisting or promoting private ventures when the public would be at most only incidentally benefited.' Bannon v. Port of Palm Beach District, 246 So.2d 737, 741 (Fla. 1971). However, because of the legislative purpose for the computer systems, the expenditure for, and the maintenance of, Series 1 computer configurations in private tag agencies serving as the agent of the county tax collector for the purposes of s 320.03, F.S., would not appear to violate s 10, Art. VII, State Const.
The purpose for the computer configurations to be installed in license tag agencies is to permit the license tag agent or subagent computer access to the driver file of the license tag applicant in order to determine if the applicant's license has been canceled, suspended, or revoked and, if so, whether the applicant has surrendered his or her license to the department. Section 320.03(4)(a) F.S. If an applicant whose license has been canceled, suspended, or revoked has not surrendered his or her license as required by s 322.251, F.S., then the tag agent or subagent must refuse to register the vehicle until the applicant surrenders his or her license to the Department of Highway Safety and Motor Vehicles. Thus, the public purpose served by the expenditure of public funds for the purchase of the computer systems and their installation and maintenance as part of the county tax collector network system is insuring compliance with s322.251, F.S., and to facilitate the efficient and expeditious performance of the duties of the department and the county tax collectors to administer and enforce the laws of the state relative to motor vehicles and the issuance and delivery of licenses and license plates for such vehicles. No individual benefit is bestowed on the license tag applicant, and in fact, the applicant is presumably quite indifferent as to whether the license tag agency from which he purchases his tag has a Series 1 computer configuration. No pecuniary benefit inures to such agents or subagents, rather the benefits from such use of the computer system redounds to the state. The license tag agencies in question are the agents of the county tax collector and as such subagents of the department and the computer systems are county systems of the tax collector network ( see, item 90A, Ch. 80-411, Laws of Florida, and item 783A, Ch. 82-215, Laws of Florida). Such systems are used in the performance of the county tax collectors' statutory duties and to enable the department to efficiently perform its duties. Therefore the fact that the license tag agencies are the private agents of the county tax collector or that the services of such agents or subagents are not available to the general public (information supplied this office reflects that the volume of business at the two Dade County tag agencies exceeds the total transactions in many Florida counties) does not implicate s 10, Art. VII, State Const. The only consideration in the installation of the on-line computer systems would seem to be administrative and to further the administration and enforcement of the state's laws relating to motor vehicles and their operation and licensing.
I therefore conclude that public funds may be lawfully expended for the purchase, installation and maintenance of Series 1 computer configuration to be installed in private license tag agencies operating as agents of the county tax collectors for the issuance and delivery of license plates and the licensing or registration of motor vehicles.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General